# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARIO ROSAS,<br><br>      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | No. 07-CV-4097-MWB<br>(No. 05-CR-4109-MWB)<br><br>**MEMORANDUM ORDER AND OPINION REGARDING PETITIONER'S SECTION 2255 MOTION** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Charges, Trial, Sentence, and Appeal* . . . . . . . . . . . . . . . . . . . 2
   *B. Section 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . 3
   *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   *C. Ineffective Assistance of Counsel* . . . . . . . . . . . . . . . . . . . . . 7
       *1. Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . 7
       *2. Failure To Call Witnesses* . . . . . . . . . . . . . . . . . . . . 9
       *3. Failure To Move To Suppress Identification Evidence* . . . . 11
       *4. Failure To Procure Fingerprint Expert* . . . . . . . . . . . . . 13
       *5. Failure Of Appellate Counsel* . . . . . . . . . . . . . . . . . . 14
   *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . 15

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## I. INTRODUCTION

This matter comes before the court pursuant to petitioner Mario Rosas's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1), filed on October 26, 2007. Rosas claims that both his trial counsel and his appellate counsel provided him with ineffective assistance of counsel in various ways. The prosecution denies that Rosas is entitled to any relief.

### A. Charges, Trial, Sentence, and Appeal

On October 13, 2005, Rosas was charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of pure methamphetamine. Rosas was also charged with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

Rosas appeared before Chief United States Magistrate Judge Paul A. Zoss on November 4, 2005, and pled not guilty as charged. *See* CR 05-4109, docket no.14. Rosas proceeded to trial as charged, before the undersigned, on April 10, 2006. *See* CR 05-4109, docket no. 45. On April 11, 2006, the jury returned a verdict of guilty (CR 05-4109, docket no. 47) on both counts. On August 1, 2006, Rosas was sentenced by the undersigned to 360 months on count one and count three of the indictment, to be served concurrently. *See* CR 05-4109, docket no. 65.

On August 6, 2006, Rosas filed a Notice Of Appeal (CR 05-4109, docket no. 67) with the United States Court of Appeals for the Eighth Circuit. On May 16, 2007, the

United States Court of Appeals for the Eighth Circuit affirmed the Judgment of the district court. *See* CR 05-4109, docket no. 86).

### B. Section 2255 Motion

On October 26, 2007, Rosas filed this *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no.1)("Motion"). The prosecution filed a Response (docket no. 3) on January 4, 2008. Thereafter, Rosas was appointed counsel and Rosas's counsel filed an Amended Motion (docket no. 17) on August 4, 2008. The prosecution filed a Response To Amended Motion (docket no. 18) on August 30, 2008.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Rosas's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by

law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that

4

the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Rosas's claims for § 2255 relief.

5

## B. *Preliminary Matters*

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Rosas's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Rosas's allegations cannot be accepted as true because they are contradicted by the record.

Some of Rosas's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that Rosas can show "cause and prejudice" to overcome defaulted claims, *inter*

6

*alia*, as the result of "ineffective assistance" of trial counsel. Therefore, the court will pass on to the merits of Rosas's claims for § 2255 relief.

### C. *Ineffective Assistance of Counsel*
#### 1. *Applicable Standards*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Rosas is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective

assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel,

8

the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure To Call Witnesses*

Rosas claims that his trial counsel provided ineffective assistance by failing to call various witnesses for the defense, specifically, a Mr. Gray, Elizabeth Garcia, Chema Pacheco, and Abel Serna. The prosecution argues, generally, that the decision not to call a witness is a virtually unchallengeable decision of trial strategy citing to *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005). The prosecution further argues that the expected testimony from these witnesses would not have been persuasive or convincing and that none of the testimony would have changed the outcome of the trial. (Amended Response at 11-15).

Rosas claims that the following witnesses would have provided the following testimony: he states that a Mr. Gray, who was the landlord of the premises in which the methamphetamine lab was located, would have testified that Rosas only rented the apartment for two months prior to his arrest. (Brief in Support of Amended Motion at 5). The prosecution argues that this testimony does nothing to establish that Rosas was not using the location as a methamphetamine lab at the time of his arrest. (Amended Response at 11).

Rosas also asserts that Abel Serna "would have provided testimony that he never stopped by the apartment on Ross Street to retrieve drugs as the prosecutor implied to the jury and would have testified that he accompanied Petitioner to the car wash in order to drive Juan Delaluz's vehicle in the event Petitioner was able to purchase it." (Brief in Support of Amended Motion at 4). The prosecution argues that Abel Serna's expected testimony would not have negated the impact of the testimony of the investigating officer and, further, that Abel Serna was not an eye witness during the time the exchange of drugs was found to have occurred. (Amended Response at 13).

Rosas further claims that his attorney should have interviewed and called Elizabeth Garcia as a witness to establish that Rosas had only rented the apartment where the methamphetamine lab was located for two months before his arrest, that he had not gone to California with other co-conspirators to obtain drugs and that he was not a supervisor in the overall conspiracy. (Brief in Support of Amended Motion at 5). The prosecution however states that Elizabeth Garcia's testimony would have been subject to impeachment for bias because she was Rosas's girlfriend at the time and, further, that her testimony would not have negated the more convincing testimony of the investigating officer. (Amended Response at 12).

Additionally, Rosas argues that his attorney should have called Chema Pacheco to testify to the fact that he borrowed Rosas's keys to the premises where the methamphetamine lab was located approximately six days prior to Rosas's arrest. (Brief in Support of Amended Motion at 5). The prosecution claims that Rosas does not state specifically what Chema Pacheco's testimony would be and further asserts that even if Chema Pacheco testified that he had keys to the apartment where the methamphetamine lab was located, it doesn't change the fact that keys to this location were also found on Rosas at the time of his arrest. (Amended Response at 14).

The court first notes that ineffective assistance of counsel complaints based on the failure to secure witness testimony are disfavored, because presentation of evidence is a matter of trial strategy. *Walker v. Lockhart,* 807 F.2d 136, 139 (8th Cir. 1986). Where there is overwhelming evidence of guilt, there is not a reasonable probability, that, but for counsel's errors, the result of the proceeding would have been different. *See Tokar v. Bowersox*, 198 F.3d 1039, 1051 (8th Cir. 1999). This court is not convinced that the testimony that may have been offered by these witnesses would have overcome the overwhelming evidence of guilt presented by the prosecution in this case. Therefore, Rosas cannot establish that he suffered any prejudice by his counsel's failure to call these witnesses, and his claim of ineffective assistance of counsel on these grounds, must fail.

### 3. *Failure To Move To Suppress Identification Evidence*

Rosas argues that his trial counsel was ineffective for failing to file a motion to suppress the photo identification of Rosas made by Juan Delaluz. (Brief in Support of Amended Motion at 10). Rosas relies on *Peters v. Whitley*, 942 F.2d 937 (5th Cir. 1991), for the proposition that the pre-trial identification of Rosas was unconstitutional because the identifying witness was presented with one photograph rather than a photo-lineup. (Brief in Support of Amended Motion at 10).

The prosecution argues that the identity of Rosas was never at issue in this case because Juan Delaluz knew Rosas prior to his initial arrest and was familiar with him by name. (Amended Response at 16). The prosecution also argues that, even if there had been an improper identification during questioning of Juan Delaluz, it had been corrected by an in-trial identification by Juan Delaluz. (Amended Response at 18).

The Eighth Circuit Court of Appeals has recognized that procedural due process rights may be implicated by a one-person photo lineup that is so unduly suggestive as to give rise to a very substantial likelihood of irreparable misidentification that may taint later in-court identification. *See United States v. Williams*, 340 F.3d 563, 567 (8th Cir. 2003). A two-part test governs the admissibility of identification evidence. *Id*. First, a court must determine if the identification procedures were "impermissibly suggestive." *Id*. (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)). If they were, a court must examine the totality of the circumstances to determine whether the suggestive procedures created "a very substantial likelihood of irreparable misidentification." *Id*. In order to evaluate whether or not there has been a substantial likelihood of irreparable misidentification, the court considers "'the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of this prior description of the criminal, the level of certainty demonstrated at the confrontation and the time between the crime and the confrontation.'" *Id.*(quoting *Manson v. Brathwaite*, 432 U.S. 98 (1977)).

Here, early in the investigation, after being informed by the witness that Rosas was involved in the local methamphetamine trade, the investigating officer showed the witness a photograph of Rosas. (Tr. Tran. at 20-21) The witness verified, at that time, that the individual in the photograph was Rosas. (Tr. Tran. at 20-21). The witness, Juan Delaluz, had been familiar with Rosas prior to the interview at which he was shown the photograph. (Tr. Tran. at 85). Juan Delaluz indicated that he had known Rosas for nearly a year and

12

a half, that he knew Rosas through his brother, that he had prior dealings with methamphetamine with Rosas, and identified Rosas in the courtroom. (Tr. Tran. at 885-86). Based on all of these factors, the court cannot conclude that there was a substantial likelihood of irreparable misidentification through the initial photo-identification, such that the later in-court identification was tainted in any way.

Because the court does not conclude that there is a reasonable likelihood that the photo-identification would have been suppressed, Rosas cannot demonstrate that his counsel's conduct fell below the wide range of reasonable professional assistance. *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Rosas's claim of ineffective assistance counsel, on this ground, will therefore, fail.

### 4. *Failure To Procure Fingerprint Expert*

Rosas asserts that his trial counsel provided ineffective assistance by failing to call an independent fingerprint expert to rebut the prosecution's fingerprint analysis. (Brief in Support of Amended Motion at 9-10). The prosecution argues that Rosas does not claim that any independent fingerprint expert would state that Rosas's fingerprints were not on the evidence obtained at the location of the methamphetamine lab, and, further, that Rosas's trial counsel adequately challenged their fingerprint expert on her cross-examination. (Amended Response at 16).

Serious dereliction in counsel's representation might well be established where material witnesses are not called to testify. *See Knott v. Mabry*, 671 F.2d 1208, 1212 (8th Cir. 1982) (citing *Eldridge v. Atkins*, 665 F.2d 228 (8th Cir. 1981)). Where there is substantial contradiction in a given area of expertise, it may be vital in affording effective representation to a defendant in a criminal case for counsel to elicit expert testimony

13

rebutting the state's expert testimony. *Id*. at 1213. However, where an attorney's preparation and cross-examination of the prosecution's expert effectively raises non-incriminating inferences which a jury could draw, and a more technical analysis would not have altered the verdict, a trial counsel's failure to call a rebuttal expert will not constitute ineffective assistance. *Id*. at 1213-1214.

Here, Rosas's trial counsel clearly had prepared to confront the prosecution's fingerprint expert, relying on various literature in the field questioning the accuracy of fingerprint analysis and raising the fact that other unidentified fingerprints had been found on the same piece of evidence, thereby raising non-incriminating inferences for the jury. (Tr. Tran. 136-155). This court does not believe that a more technical analysis would have altered the jury's verdict in this case. Therefore, trial counsel's decision not to call an independent fingerprint expert did not constitute deficient performance and Rosas's claim of ineffective assistance of counsel will fail on this ground.

### 5. *Failure Of Appellate Counsel*

Rosas argues that he received ineffective assistance of appellate counsel because appellate counsel failed to raise the issue of ineffective assistance of trial counsel on appeal. (Brief in Support of Amended Motion at 11). The prosecution asserts that it is preferable in most cases for ineffective assistance of counsel claims to be raised in a § 2255 motion, rather than on direct appeal. (Amended Response at 19).

A criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). To establish ineffective assistance of appellate counsel, Rosas must show that appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his appeal. *Williams v.*

*Kemna*, 311 F.3d 895, 898, (8th Cir. 2002) (citing *Tokar v. Bowersox*, 198 F.3d 1039, 1051 (8th Cir. 1999), *cert denied*, 531 U.S. 886 (2000)). The deficient performance standard is rigorous, because "experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). Absent contrary evidence, it is assumed that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy. *Brown,* 528 F.3d at 1033. The prejudice standard is equally rigorous: Rosas must show that "the result of the proceeding would have been different" had he raised the issue on direct appeal. *Id*. (citing *Becht v. United States*, 403 F.3d 541, 546 (8th Cir. 2005), *cert. denied*, 546 U.S. 1177 (2006)).

In general, an ineffective assistance of counsel claim is not cognizable on direct appeal. Instead, such a claim is properly raised in a § 2255 action. *United States v. Lewis*, 483, F3d 871, 873 n. 2 (8th Cir. 2007). Rosas's appellate counsel did not provide ineffective assistance by not raising the issues related to ineffective assistance of trial counsel on direct appeal. Thus, Rosas's claim of ineffective assistance of appellate counsel also fails.

### *D. Certificate Of Appealability*

Denial of Rosas's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Rosas has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Rosas's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Rosas does not

make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### *III. CONCLUSION*

Upon the foregoing, defendant Rosas's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 22nd day of September, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA