**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

MARIO ROSAS,

                Petitioner,

vs.

UNITED STATES OF AMERICA,

                Respondent.

No. C 07-4097-MWB

**MEMORADUM OPINION AND
ORDER REGARDING
PETITIONER'S RULE 60(B)
MOTION**

-----

**TABLE OF CONTENTS**

I.  *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  *SUCCESSIVE § 2255 PETITIONS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A.  Timeliness* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *B.  Failure to hold evidentiary hearing* . . . . . . . . . . . . . . . . . . . . . . . . 9
    *C.  Failure to consider all claims* . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    *D.  Failure to liberally construe claims* . . . . . . . . . . . . . . . . . . . . . 12

IV.  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I.  INTRODUCTION

This case is before me on petitioner Mario Rosas's *Pro Se* Motion For Relief From Judgment On The Basis Of Procedural Defect In This Court's September 22, 2009, Decision On Petitioner's Section 2255 Motion (docket no. 32) (Motion), filed on July 1, 2011.   In his Motion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Rosas claims that my previous ruling denying his Motion Under 28 U.S.C. § 2255 was procedurally defective because I failed to hold an evidentiary hearing, failed to consider all the issues raised in his § 2255 motion, and failed to liberally construe his § 2255 motion.  *See* Motion at 1-2.  The respondent claims, first, that Rosas's Motion is untimely and, second, that even if considered timely, it is without merit and should be denied. Response at 1-4.

## II.  SUCCESSIVE § 2255 PETITIONS

Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* 28 U.S.C. § 2255; *Fed.R.Civ.P.* 81(a)(4).  A successive § 2255 motion requires certification by a court of appeals before filing.  *See* 28 U.S.C. §§ 2244(b)(3)(A).  "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."  *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F. 3d 1093, 1094 (8th Cir. 2002) (per curiam) (inmates may not bypass authorization requirement of 2255 by purporting to invoke some other procedure); *Boyd v. United States*, 304 F.3d 813, 814

2

(8th Cir. 2002) (per curiam) (if a Rule 60(b) motion is actually a successive habeas petition, the district court should deny it for failure to obtain authorization from the court of appeals, or in its discretion, transfer the motion to the court of appeals).

Rule 60(b) creates an exception to the finality of a district court's judgment in a habeas proceeding. *See Ward*, 577 F.3d at 933. District courts, when presented with a purported Rule 60(b) motion following the dismissal of a habeas petitioner, should conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255. *See Boyd*, 304 F.3d at 814.

A Rule 60(b) motion seeking relief from the denial of a § 2255 motion and raising claims of a postconviction relief nature should be construed as a successive 2255 motion. *See Guinan v. Delo*, 5 F.3d 313, 316-17 (8th Cir. 1993); *see also Blair v. Armontrout*, 976 F.2d 1130, 1134 (8th Cir. 1992). A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. *Ward*, 577 F.3d at 933. When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005). For the purpose of determining whether the motion is a habeas corpus application, "claim" is defined, as applicable to the facts of this case, as an attack on the "federal court's previous resolution of the claim on the merits." *See Ward*, 577 F.3d at 933. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief ...." *Id.* When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA. *Id.*

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *See Gonzalez*, 545 U.S. at 532. "Likewise, a motion does not attack a federal court's determination on the merits if it 'merely asserts that a previous

ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Ward*, 577 F.3d at 933 (quoting *Gonzalez*, 545 U.S. at 530).   "The Supreme Court has 'note[d] that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably'". *Id*. (quoting *Gonzalez*, 545 U.S. at 532 n.5). Although an assertion of ineffective assistance of habeas counsel may be characterized as a defect in the integrity of the habeas proceeding, it ultimately seeks to assert or reassert substantive claims with the assistance of new counsel. *Id.* at 932.   Moreover, the AEDPA specifically prohibits such grounds for relief.   *Id.*

Rosas's Rule 60(b) Motion attacks my previous Memorandum Opinion and Order, and Judgment (docket nos. 19 & 20), of September 22, 2009, denying his request for relief pursuant to 28 U.S.C. § 2255, on three grounds.   Motion 1-2.   Rosas challenges the procedural integrity of my Order on the basis that I failed to hold an evidentiary hearing. Motion at 1.   Rosas also argues that my Order lacked procedural integrity because I failed to consider all the claims that he raised in his § 2255 Motion.   Motion at 2.   Rosas further claims that I failed to liberally construe his § 2255 Motion.   Motion at 2.   I construe these claims as claims that my Order was procedurally defective and, therefore, void, pursuant to Rule 60(b)(4).   While Rosas appears to cast a number of these challenges as attacks on procedural integrity, Rosas points to the ineffective assistance of his habeas counsel as being responsible for the alleged procedural defects of the court, and to the extent that these claims assert ineffective assistance of counsel, they are denied because they ultimately seek to assert or reassert substantive claims with the assistance of new counsel, which makes them successive § 2255 motions.   *See Ward*, 577 F.3d at 932.

4

## III. LEGAL ANALYSIS

### A. Timeliness

Respondent asserts that Rosas's Motion is not timely because it was not filed within one year of the judgment entered on April 13, 2010.  Response at 1. ◻[1] Respondent argues that Rosas's claims are subject to the one-year period because they appear to assert mistake, inadvertence, surprise, or excusable neglect pursuant to Federal Rule of Civil Procedure 60(b)(1).  Response at 1.

Federal Rule of Civil Procedure 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud, misrepresentation, or misconduct by an opposing party;
> > (4) the judgment is void;
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> > (6) any other reason that justifies relief.

---

[1]   Respondent's identification of April 13, 2010 as the date of the judgment that Rosas's Rule 60(b) Motion challenges, is erroneous.

Further, with regard to the timing of such a motion, Rule 60(c)(1) of the Federal Rules of Civil Procedure provides that "A motion under Rule 60(b) must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Fed.R.Civ.P. 60(c)(1). It is well established that the pendency of an appeal does not toll the one-year maximum period for filing motions under Rule 60(b)(1)-(3). *Federal Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766 (8th Cir. 1989). The reason behind this principle is that such motions "can be made even though an appeal has been taken and is pending. *Id*. A district court may consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending, and a separate appeal may thereafter be taken to challenge the denial. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

Rosas's challenge is to my Order and Judgment (docket nos. 19 & 20), of September 22, 2009, denying his request for relief pursuant to 28 U.S.C. § 2255. Motion at 1-2. On December 3, 2009, Rosas, through counsel, filed a Notice of Appeal (docket no. 23), to the United States Court of Appeals for the Eighth Circuit, requesting a certificate of appealability from my denial of his § 2255 Motion. On April 12, 2010, the Eighth Circuit Court of Appeals entered a Judgment (docket no.29) denying Rosas's application for a certificate of appeal and dismissing his appeal in its entirety. Thereafter, on July 22, 2010, the Eighth Circuit Court of Appeals entered an Order (docket no. 30) denying Rosas's petition for rehearing en banc and his petition for rehearing by the panel. On July 30, 2010, the Eighth Circuit Court of Appeals entered a Mandate (docket no.31) in accordance with its judgment of April 12, 2010.

Respondent mistakenly asserts that Rosas is seeking relief from a judgment entered on April 13, 2010, when he is seeking relief from my Order and Judgment of September 22, 2009. Response at 1. However, respondent is correct that Rosas's Motion would be

6

untimely if I determined that Rosas's claims are based on mistake, excusable neglect, inadvertence, or surprise. If that were the case, Rosas's Motion would be untimely because it was not filed until July 1, 2011, approximately one year and ten months after the judgment that he is challenging.

Pro se motions are, however, to be construed liberally. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). Therefore, I construe Rosas's Rule 60(b) Motion to assert that my prior Order is procedurally defective and, therefore, void, pursuant to Rule 60(b)(4). Motion at 1-2. "A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process." *Johnson v. Arden*, 614, F.3d 785, 799 (8th cir. 2010)(citing *Baldwin v. Credit Based Asset Servicing and Securitization,* 516 F.3d 734, 737 (8th Cir. 2008). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* "A judgment is not void, for example, simply because it is or may have been erroneous." *Id.*

Rosas alleges that the Order and Judgment entered on September 22, 2009, was defective and, therefore void, because it was decided without an evidentiary hearing, that I failed to consider all of his claims, and that his claims were not liberally construed. Motion at 1-2. Rosas himself asserts that his motion is pursuant to Rule 60(b)(6) and seeks redress for "any other reason that justifies relief." Reply at 2. Whether Rosas's Rule 60(b) Motion is pursuant to subsection four or six, it still must be filed within a "reasonable" time. See Fed. R. Civ. P. 60(b). "[T]he time during which an appeal is pending is counted when determining whether a motion was filed within a reasonable time." *Nucor Corp. v. Neb. Pub. Power Dist.*, 999 F.2d 372, 374 (8th Cir. 1993)

7

(analyzing time under Rule 60(c)(6)).  "What constitutes a reasonable time is dependent on the particular facts of the case."  See, *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999); *United States v. Five Thousand Dollars in U.S. Currency*, 184 F.3d 958, 960 (8th Cir. 1999).

While some jurisdictions have determined that any time is "reasonable" or that the "reasonable" provision does not apply to a challenge to a void ruling, pursuant to Rule 60(b)(4),  such jurisdictions base this decision on the fact that the challenges before them involved a jurisdictional attack.  *See Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992); *Briley v. Hidalgo*, 981 F.2d 246, 249 (5th Cir. 1993); *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988); *Rodd v. Region Constr. Co.*, 783 F.2d 89, 91 (7th Cir. 1986) ( [T]he reasonable time criterion of Rule 60(b) as it relates to void judgments means no time limit.); *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979) (no time restrictions on a Rule 60(b)(4) motion); *Misco Leasing, Inc. v. Vaughn*, 450 F.2d 257 (10th Cir. 1971) (same); *Austin v. Smith*, 312 F.2d 337, 343 (D.C. Cir. 1962) (same). The United States Court of Appeals for the Eighth Circuit has stated, without lengthy discussion, that "A Rule 60(b)(4) motion must be made within a reasonable time...." *Baldwin v. Credit Based Asset,* 516 F.3d 734, 737 (8th Cir. 2008).   Where, as here, Rosas's challenge is not based on a lack of jurisdiction, I will assume that it must be made within a 'reasonable' time.

All of Rosas's complaints regarding the Order were available to Rosas immediately after the Order was entered.  None of Rosas's claims required any further or complex legal research or extensive gathering of evidence.  I can see no reason why it would have taken almost one year and ten months to raise these claims pursuant to Rule 60(b).  Certainly, at the very least, these claims should have been apparent to Rosas at the time he evaluated

8

his case and filed an appeal from the Order, on December 3, 2009, yet Rosas waited until July 1, 2011, to file this Motion. I find no basis upon which to determine that it was reasonable for Rosas to file this Motion approximately one year and ten months after the Order he is challenging was entered. I find that Rosas's Motion is untimely. Nevertheless, out of an abundance of caution, I will proceed to evaluate his claims on the merits.

## B.  *Failure to hold evidentiary hearing*

Rosas alleges that the Order denying his § 2255 Motion is void because he was not provided with an evidentiary hearing. Motion at 1. Respondent argues that Rosas has not established that the "extra-ordinary circumstances" required for a successful Rule 60(b) motion exist in this case because even without the presentation of any additional evidence, the court's ruling was based on other sufficient evidence. Response at 2.

It is well established that "[A] § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011). "An evidentiary hearing on a § 2255 petition may be denied  if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010); 28 U.S.C. § 2255(b).

Rosas alleged, in his § 2255 Motion (docket no. 17), that his trial attorney had been ineffective for failing to call certain witnesses. However, after evaluation of the trial transcripts, the affidavits filed by Rosas in support of his §2255 Motion, and Rosas's discussion of what such witnesses would have testified to, I determined that there was

overwhelming evidence of guilt in the record and that Rosas would not be able to demonstrate that he had been prejudiced by his attorney's decision not to call the suggested witnesses. (docket no.19 at 11 ).

In conjunction with this Rule 60(b) Motion, Rosas has attached an affidavit from one of the same witnesses he discussed in his original § 2255 Motion, Abel Serna, and I again find that the testimony of this witness would not have altered the existence of overwhelming evidence of Rosas's guilt.  In addition to the affidavit from Abel Serna, Rosas has attached affidavits from his mother in law, his wife, and a friend, all of which indicate that these individuals would have testified that Rosas had been in California from approximately August 2, 2005, to September 19, 2005, and that it would not have been within Rosas's character to be selling drugs.  Motion, Exs. A,B, and C.  The dates of the drug conspiracy in this case were from July 1, 2005, continuing through September 20, 2005.  Indictment at 1.  The affidavits of his mother in law and his wife would have been subject to issues of credibility and would not demonstrate that Rosas was not in Iowa during any of the period of the conspiracy.  Further, they conflict with evidence in the record clearly establishing that Rosas was in Iowa and resided at one apartment in Sioux City while renting another apartment in Sioux City, at which the utilities were in his name, during the relevant period of a conspiracy involving the shipment of drugs and drug money to and from California.  In addition to other evidence of Rosas's involvement in the conspiracy, including fingerprint evidence and identification by other members of the conspiracy, I remain convinced that there was overwhelming evidence of guilt in the record to support his conviction and that Rosas's due process rights were not violated by the decision that no evidentiary hearing was required to evaluate Rosas's § 2255 Motion alleging that his trial counsel provided ineffective assistance by deciding not to present this witness testimony.  Because I believe that denial of an evidentiary hearing in Rosas's case

10

was consistent with *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011), *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010), and 28 U.S.C. § 2255(b), Rosas's Rule 60(b) Motion, on the ground that my prior Order and Judgment were void for lack of an evidentiary hearing, is denied.  I further note that Rosas's argument on this ground appears to be a thinly veiled  attempt to reargue the merits of his initial claim and that "[A] Rule 60(b) motion is not for the purpose of 'reargu[ing], *somewhat more fully*, the merits of [a] claim.'"  *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

### C.  Failure to consider all claims

Rosas alleges that my Order and Judgment were procedurally defective because I failed to address all of the claims that he asserted in his § 2255 Motion.  Motion at 2.  Rosas argues that the Amendment to his § 2255 Motion, filed by subsequently appointed counsel, should have been considered merely as a supplement and not as an amendment.  Motion at 2.   Respondent asserts that Rosas himself indicates that he discussed the amended petition with his counsel prior to its filing and presumably discussed strategy with his counsel at that time, including the decision to not assert all of Rosas's initial claims in the amended petition.  Response at 3.

It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.  *In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000) (citations omitted); Fed. R. Civ. P. 15(c)(2).  Rosas alleges that he did not agree to the amendments made to his § 2255 motion by his court appointed counsel and that it was his intention to continue to assert all of the claims he made in his original Motion.  Motion at 2.  The Eighth Circuit Court of Appeals has recognized an exception to the rule that an amended complaint supercedes an original complaint, based on involuntariness,  in removal cases.  *See In re Wireless Telephone*

11

*Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).  I am unaware of any case applying an involuntariness exception, however,  in a habeas case.  Without deciding that such an exception is applicable here, even if I were to decide that it was, the record in this case  demonstrates that upon appointment of counsel for Rosas, the court made it clear to Rosas that his court- appointed counsel was to file an amended motion for relief that "clearly sets forth the issues the plaintiff is raising in this action." (docket no. 8).  Rosas's counsel filed an Amended Motion on August 4, 2008.  (docket no. 17).  The respondent filed a Response on September 30, 2008.  (docket no. 18).  I did not enter a ruling on this matter until September 22, 2009.  (docket no. 19).  Rosas had an entire year to inform the court that he was not in agreement with the filing of an Amended Motion, and yet he did nothing that would support his claim that the amendment to the motion wasn't voluntary.  He did not request withdrawal of his counsel, or in any way notify the court that he was not in agreement with the claims that had been presented in the Amended Motion.  The record establishes that there was no procedural error in addressing only the issues presented by Rosas's  amended § 2255 Motion.  Therefore, Rosa's Rule 60(b) Motion, on the ground that I failed to consider all of the claims raised by his § 2255 Motion, is denied.

### D.  Failure to liberally construe claims

Rosas argues that "the Judgment is void where the Court did not afford Petitioner a liberal construction of his Petition as should be the case for <u>pro se</u> litigants." Motion at 2.   Respondent claims that Rosas waived this issue by not raising it in his appeal. Response at 3.

While it is correct that  "a pro se complaint must be liberally construed, and 'pro se' litigants are held to a lesser pleading standard than other parties," *Whitson v. Stone*

*County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (citation omitted) (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008), Rosas was not ultimately a *pro se* litigant in this case.  The record reflects that on March 31, 2008, an attorney was appointed to represent Rosas.  (docket no. 8).  Rosas was not *pro se* after that date, and the court properly considered the Amended Motion (docket no. 17) filed by his attorney.

Respondent's argument that Rosas waived this issue by not raising it on appeal is not persuasive.  Rosas filed a Notice of Appeal (docket no.23) on December 3, 2009, which the United States Court of Appeals for the Eighth Circuit treated as an application for certificate of appealability.  *See*, docket no. 25.  On April 12, 2010, the Eighth Circuit Court of Appeals entered a judgment (docket no. 29), denying Rosas's application for a certificate of appealability.  To support the argument that Rosas waived this issue by not raising it on appeal, Respondent cites to a case holding that in the context of a § 2255 motion, a failure to raise an issue upon direct appeal waives the issue.  However, a § 2255 motion and a Rule 60(b) motion are distinct motions and Respondent does not explain why the same reasoning regarding waiver of an issue not raised on appeal should apply in this case and further does not cite to a case applying such a rule in the context of a Rule 60(b) motion.

Ultimately, it is not necessary to find that Rosas waived the argument that I failed to construe his § 2255 Motion liberally, in order to dispose of it.  It cannot have been procedurally defective not to have construed *pro se* filings liberally, when the court filings under consideration were filed by counsel.  For this reason, Rosas's Rule 60(b) Motion on the ground that I failed to liberally construe his § 2255 Motion, is denied.

## IV.  CONCLUSION

Upon the foregoing, Rosas's July 1, 2011, *Pro Se* Motion For Relief From Judgment On The Basis Of Procedural Defect In This Court's September 22, 2009, Decision On Petitioner's Section 2255 Motion (docket no. 32) is **denied in its entirety.**

**IT IS SO ORDERED.**

**DATED** this 9th day of September, 2011.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

14