# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARIO ROSAS,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. C 07-4097-MWB<br><br>ORDER REGARDING PETITIONER'S *PRO SE* MOTION FOR A CERTIFICATE OF APPEALABILITY |

_____

This case is before me on petitioner Mario Rosas's September 26, 2011, *pro se* Motion For A Certificate Of Appealability (docket no. 36). Rosas requests that a certificate of appealability be granted for all issues addressed in my Memorandum Opinion And Order Regarding Petitioner's Rule 60(b) Motion (docket no. 35), filed on September 9, 2011.

The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C.

§ 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In denying Rosas's Rule 60(b) Motion, I held, without analysis, that, to the extent that Rosas's arguments rested on an allegation of ineffective assistance of counsel, they were summarily denied as a successive § 2255 motion for which Rosas had not received authorization from the court of appeals. However, I determined that Rosas's Rule 60(b) claims could also be construed to allege procedural defects independent from allegations of ineffective assistance of counsel and, on that basis, analyzed Rosas's claims as Rule 60(b) claims rather than as successive § 2255 claims.

Assuming, without deciding, that a certificate of appealability is required to appeal my Memorandum Opinion and Order Regarding Petitioner's Rule 60(b) Motion (docket no. 35), because Rosas's Rule 60(b) Motion either was a successive § 2255 motion or effectively and ultimately sought habeas corpus or § 2255 relief, *see Lambros*, 404 F.3d at 1036, Rosas's request for a certificate of appealability on all issues is denied. I find that Rosas has not made a substantial showing of the denial of a constitutional right. *See* 28

U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find my assessment of Rosas's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Rosas does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

Rosas's September 26, 2011, *pro se* Motion For A Certificate Of Appealability (docket no. 36) is **denied.**

IT IS SO ORDERED.

DATED this 4th day of October, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA